UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>TRAVIS LEE GOOD, )<br>)<br>    Debtor. )<br>)<br>JUDY A. ROBBINS, )<br>United States Trustee For Region Four, )<br>)<br>    Plaintiff, )<br>)<br>*v.* )<br>)<br>KERRY D. ARMENTROUT, and )<br>ARMENTROUT & ARMENTROUT, P.L.C., )<br>)<br>    Defendants. ) | Chapter 7<br>Case Number 15-51237<br><br><br><br><br><br><br><br>Adv. Proc. No. ___ |

**COMPLAINT**

Now comes Judy A. Robbins, United States Trustee for Region Four, by counsel, and files this complaint to: to (i) review and, if appropriate, require the defendants to disgorge funds received; (ii) impose reasonable and appropriate civil penalties against the debt relief agency defendants to be awarded to the debtor; (iii) indefinitely prohibit the defendants from practicing before this court; and, (iv) for such other and further relief as may be just and appropriate

*Jurisdiction and Venue*

1. The Debtor, Travis Good, commenced the underlying case on December 14, 2015, by filing in this court a voluntary petition for relief under chapter 7 of the bankruptcy code.

2 Jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for this motion are 11 U.S.C. §§ 105(a), 307, 329, 526, 528 and 707. Fed. R. Bankr. P. 2016 and 2017; Local Rules 2090-1 and 5005-4; and the court's inherent power.

1

3. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

*Background (Good case 15-51237)*

5. Mr. Armentrout is a member of the bar of this court. Armentrout & Armentrout, P.L.C. (the "Firm") is the law firm in which Mr. Armentrout practices.

6. Upon information and belief, Mr. Armentrout is a member of the Firm.

7. According to the debtor's original statement of financial affairs, the Firm received $450.00 on November 23, 2015. The petition, schedules, and other documents filed as Docket No. 1 are incorporated by reference.

8. According to the Rule 2016 disclosure signed by Mr. Armentrout, he agreed to represent Mr. Good for a fee of $900.00 and he received $450.00 from the Mr. Good prior to the filing of the case.[1]

9. According to the original statement of financial affairs filed in this case, Mr. Good is not married, has not lived anywhere else in the last 3 years, and received no income between January 1, 2013, and his petition date.

10. According to the Mr. Good's Official Form 122A-1, he is not married and has a household size of 1. Mr. Good did not disclose any income in Column B of Official Form 122A-1.

11. Mr. Good did not claim any dependents on Schedule J.

12. Upon information and belief, until after September 13, 2016, when Mr. Armentrout finally filed a notice of change of address for the debtor, the docket for this case listed the debtor's address of record as 432 Church Avenue, Stanley, Virginia.

---

[1] On July 14, 2016, Mr. Armentrout represented that he had been paid the entire $900 fee owed for this case. Mr. Armentrout has failed to file the required Rule 2016 disclosure disclosing the post-petition payment.

13. At his meeting of creditors, Mr. Good testified under oath that, among other things, he married in July 2015, he resides with his wife and 2 step-daughters, he earned income in 2013-2015, and his wife earned income not disclosed on Official Form 122A-1.

14. Additionally, from the recording of the meeting of creditors, it appears Mr. Armentrout knew that, at least as of the meeting of creditors, Mr. Good no longer resided at the address of record shown on the docket. Additionally, Mr. Good testified that he previously owned a house in Page County at 111 Maddy Road.

15. The meeting of creditors was originally scheduled for January 25, 2016.

16. Prior to filing, Mr. Armentrout was required to assemble the documentation required by the chapter 7 trustee. Ex. 1 at ¶ 2.

17. On or before January 18, 2016, Mr. Armentrout failed to provide the chapter 7 trustee with Mr. Good's payment advices and most recently filed federal income tax return.

18. Due to inclement weather, the chapter 7 trustee continued the meeting of creditors to February 8, 2016.

19. Upon information and belief, Mr. Armentrout failed to provide the chapter 7 trustee with the Mr. Good's payment advices and most recently filed federal income tax return prior to February 8, 2016.

20. During the meeting of creditors, the chapter 7 trustee discussed with Mr. Armentrout certain amended documents that needed to be filed including a change of address, amended statement of financial affairs, and amended means test.

21. Amended schedules or statements were not filed in this case for nearly six months after the United States Trustee filed a motion to review attorney fees in the *Good* case.

22. Mr. Armentrout has represented to the Court that the *Good* case was filed in error and that he realized the error approximately a week after it occurred. *Transcript June 15, 2016 at p. 7-8 [Docket Entry No. 20]*. Further, Mr. Armentrout represented that other than instructing his client to schedule an appointment to prepare amended schedules, he took no further action in connection with the case until the United States Trustee filed her motion. *Id. at 9*. Additionally, Mr. Armentrout represented that in the absence of his bookkeeper, he was not able to access his trust ledger to determine what fees had been paid by Mr. Good to him. *Id. at 17-18*.

***Background (Evans Case No. 16-50599)***

23. Todd and Tammy Evans commenced a bankruptcy case on June 22, 2016, by filing in this court a voluntary petition for relief under chapter 7 of the bankruptcy code. The case was assigned Case No. 16-50599. The petition, schedules, and other documents filed as Docket No. 1 in Case No. 16-50599 are incorporated by reference.

24. According to the Evans' statement of financial affairs, the Firm received $450.00 on June 15, 2016.

25. According to the Rule 2016 disclosure signed by Mr. Armentrout, he agreed to represent the Evans for a fee of $900.00 and he received $450.00 from them prior to the filing of the case.

26. According to the Schedule A/B, aside from ownership interest in vehicles and garnished wages, Mr. and Mrs. Evans and their five children had <u>no other personal property including, but not limited to, clothing</u>.

27. According to the Schedule J, Mr. and Mrs. Evans live together with their five children.

28. The Evans' § 341 meeting was scheduled for and was conducted on July 25, 2016.

29. At their meeting of creditors, Mr. and Mrs. Evans were sworn and testified under oath.

30. Ms. Evans testified that they have lived separate and apart since August of 2015.

31. Ms. Evans also testified that she voluntarily pays a domestic support obligation ("DSO") to the father of one of her children. The DSO creditor was not scheduled as a creditor and has not been added, despite the oversight having been brought to the attention of Mr. Terry Armentrout during the § 341 meeting.

32. When the chapter 7 trustee questioned the veracity of Schedule A/B, Mr. Evans testified that all of their property was "put on there." In addition, Mr. Evans indicated that he was purchasing his furniture from "Buddy's Furniture." There does not appear to be any reference to Buddy's Furniture or the obligation owed to it on the schedules, nor has this oversight been corrected despite having been brought to the attention of Mr. Terry Armentrout during the § 341 meeting.

33. The Amended Schedule A/B reflects that, aside from the previously mentioned vehicles and garnished wages, the Evans own $750 worth of "furniture", four televisions worth a combined $600 and $400 worth of clothing.

*Background (Cases Filed April 1, 2016 thru November 2016)*

34. Mr. Armentrout filed 33 cases between April 1, 2016 and November 30, 2016.[2] A table summarizing certain aspects of the contents of the schedules filed on behalf of debtors represented by Mr. Armentrout is attached hereto as Exhibit 1. Specifically, the table reflects the

---

[2] On information and belief, all of the debtors referenced in Exhibit 1 are "assisted persons" as that term is defined in 11 U.S.C. § 101(3). Mr. Armentrout and the Firm are "debt relief agencies" as that term is defined in 11 U.S.C. § 101(12A).

5

responses provided by the debtors, under penalty of perjury, in response Questions 6 – 13, 16-17, 21 and 28 which seek the following information:

> 6. **Household goods and furnishings**. (Examples: Major appliances, furniture, linens, china, kitchenware).
>
> 7. **Electronics**. (Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games).
>
> 8. **Collectibles of value**. (Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles).
>
> 9. **Equipment for sports and hobbies**. (Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments).
>
> 10. **Firearms**. (Examples: Pistols, rifles, shotguns, ammunition, and related equipment).
>
> 11. **Clothes**. (Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories.
>
> 12. **Jewelry**. (Examples: Everyday jewelry, costume jewelry, engagement rings, weddings rings, heirloom jewelry, watches, gems, gold, silver).
>
> 13. **Non-farm animals**. (Examples: Dogs, cats, birds, horses).
>
> 16. **Cash**. (Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition).
>
> 17. **Deposits of money**. (Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions; brokerage houses, and other similar institutions. If you have multiple account with the same institution, list each).
>
> 21. **Retirement or pension accounts.** (Examples: Interests in IRA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans).
>
> 28. **Tax refunds owed to you.**

35. Even a cursory review of the responses provided by debtors represented by Mr. Armentrout[3] raises the following questions and/or concerns on an initial basis:

(a) Are inquiries being made regarding the debtors' interests in personal property generally and interests in electronics, collectible and sports/hobby equipment specifically? By way of example but not of limitation, none of the debtors appear to own a cell phone.

(b) What inquiry is being made regarding the debtors' interest in jewelry? With four exceptions, the only jewelry owned by (some) of the debtors is wedding and engagement rings. By way of example but not of limitation, none of the debtors appear to own a watch.

(c) What inquiry is being made and what documentation is being provided regarding the balances in debtors' bank and retirement accounts?

(d) Are values for property being suggested by Mr. Armentrout? By way of example but not of limitation, every dog which is scheduled has a value of $100 and most cats have a value of $25.

(e) What information is being provided to the debtors regarding the importance of completing their schedules and statements accurately? What care is Mr. Armentrout taking to ensure the accuracy of the contents of the schedules?

11 U.S.C. § 707(b)(4)(D) provides that: "The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect." On information and belief, after an opportunity for discovery, the evidence is expected to show that many of Mr. Armentrout's certifications were untrue.

---

[3] The United States Trustee specifically reserves the right to supplement this complaint with other examples of Mr. Armentrout's failure to provide competent representations to his client and to meet his duty of candor to the tribunal.

36. Mr. Armentrout has a track record of providing deficient representation to debtors before this court.

37. In response to pleadings filed by the United States Trustee, the court has previously addressed Mr. Armentrout's practice before the court. Attached as <u>Exhibit 2</u> is the *Amended Stipulation And Order Regarding United States Trustee's Motion To Review Attorneys Fees* entered in case number 08-51291. Attached as <u>Exhibit 3</u> is the *Decision And Order* entered in adversary proceeding case number 11-05047.

Pursuant to the *Decision and Order* (<u>Exhibit 3</u>), Mr. Armentrout is obligated to send the United States Trustee a sworn statement that he has complied with all terms of the Agreement with the United States Trustee (<u>Exhibit 2</u>) and specify in the certification compliance with the terms and conditions of paragraph 1 of the Agreement concerning reviewing and signing of the documents.

Paragraph 1 of the Agreement provides as follows:

> Mr. Armentrout will personally review with the client, in person, the version of the schedules, statement of financial affairs, and any other documents to be filed with the court and witness their signature on the documents.

*Count I (Disgorgement)*

38. The allegations set forth above are incorporated herein as if repeated in their entirety.

39. The court may enter any order necessary or appropriate to carry out the provisions of the bankruptcy code. 11 U.S.C. § 105(a).

40. The United States Trustee may raise and be heard on any issue. 11 U.S.C. § 307.

41.     If compensation is excessive, a court may cancel a debtor's agreement with counsel for compensation or order the return of such payment to the estate or entity that made the payment. 11 U.S.C. § 329(b); Fed. R. Bankr. P. 2017.

42.     Section 526(a)(2) provides as follows:

(a)     A debt relief agency shall not - -

(2)     make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading.

43.     11 U.S.C. § 526(c)(5) provide as follows:

(5)     Notwithstanding any other provision of Federal law and in addition to any other remedy provided under Federal or State law, if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that a person intentionally violated this section, or engaged in a clear and consistent pattern or practice of violating this section, the court may---
    (A) enjoin the violation of such section; or
    (B) impose an appropriate civil penalty against such person.

44.     The court should, at a minimum, in the *Good* and *Evans* cases review the attorney's fees charged by Mr. Armentrout pursuant to 11 U.S.C. § 329; void the debtors' contracts with Mr. Armentrout pursuant to 11 U.S.C. § 526(c)(1); impose a reasonable and appropriate civil penalty against Mr. Armentrout to be paid to the debtor pursuant to 11 U.S.C. §§ 526(c)(5); and award such other and further relief as may be just.

### *Count II (Removal from Bar of the Court)*

45.     The allegations set forth above are incorporated herein as if repeated in their entirety.

46. Attorneys have an obligation to demonstrate candor toward the tribunal and to be truthful with others during the course of the representation of their clients. Rules 3.3 and 4.1 of the Virginia Rules of Professional Conduct.

47. As has been noted by the United States Bankruptcy Court for the Eastern District of Virginia:

> The proper administration of any bankruptcy case is dependent on the debtor's providing complete and accurate information concerning his or her assets, debts and financial affairs. A debtor who provides false or inaccurate information may be exposed to loss of discharge and, in some cases, criminal prosecution. Therefore, an attorney has an affirmative duty to meet with his clients and counsel them regarding the legal significance of their actions. It is the responsibility of the attorney to ensure that the schedules, statements and lists filed with the Court have been reviewed, approved and signed by the debtor before they are filed with the court. *In re Smith*, 2014 WL 128385 at *5 (citations omitted).

*See also In re Engel*, 246 B.R. 784, 793-94 (Bankr. M.D. Pa. 2000) (holding a debtor's attorney in a bankruptcy case is "obligated both ethically and as an officer of the court not to file schedules and other disclosure documents that the counsel believes inaccurate" and "[t]he obligation to file accurate schedules **includes** a continuing duty to correct errors in filed documents") (emphasis added); *see also In re Varan*, No. 11 B 44072, 2014 WL 2881162, at *15 (Bankr. N.D. Ill. June 24, 2014) (ordering as an appropriate remedy for violations of the fee disclosure requirements "(1) disgorgement of all fees received in this bankruptcy case and the related Adversary Proceeding to the Chapter 7 trustee within fourteen (14) days; (2) the reimbursement to the U.S. Trustee for his attorney's fees and costs relating to this Motion for Sanctions; and (3) completion of a professional responsibility course at an ABA-approved law school within one year of this ruling").

48. As stated by Judge Stone:

the authority of bankruptcy courts to require adherence to the applicable ethical obligations of the attorneys practicing before them is well established. As this Court noted in a joint decision signed by all three of its judges:

> Bankruptcy courts are statutorily designated as "a unit" of the federal district courts and bankruptcy judges are declared to be "judicial officer[s]" of the district court by *28 U.S.C. § 151*, which provides as follows:
>
>> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.
>
> It is part of the inherent authority of bankruptcy judges as judicial officers of the United States District Courts to regulate the practice of attorneys permitted to practice before them. *See 11 U.S.C. § 105(a)* and *2 Collier on Bankruptcy* ¶ 105.04[7][b] at p. 84.4 - 84.6 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005). *McGahren v. First Citizens Bank and Trust Co. (In re Weiss), 111 F.3d 1159, 1171 (4th Cir. 1997), cert. denied, 522 U.S. 950, 118 S. Ct. 369, 139 L. Ed. 2d 287 (1997)* ("A federal court also possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith con-duct.", citing and quoting from *In re Heck's Properties, Inc., 151 B.R. 739, 765 (S.D.W.Va. 1992)* ("It is well-recognized, . . . quite apart from Rule 9011, that courts have the inherent authority to impose sanctions upon counsel who is found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons."))
>
> *In re Bowman,* Misc. Proc. No. 07-00701, slip op. at 12-13 (Bankr. W.D. Va. March 31, 2008), *aff'd,* No. 7:08CV00339, 2010 U.S. Dist. LEXIS 62004, 2010 WL 2521441 (W.D. Va. June 21, 2010).

*In re Circle T Pipeline, Inc.*, 2011 Bank. LEXIS 2490 **39-40 (Bankr. W.D. Va. 2011).

49.   The Court should prohibit Mr. Armentrout from continuing to practice before this court.

11

50. The United States Trustee reserves the right to amend or supplement this complaint and the relief requested.

WHEREFORE, the United States Trustee, by counsel, moves the court to (i) review and, if appropriate, require the defendants to disgorge funds received; (ii) impose reasonable and appropriate civil penalties against the debt relief agency defendants to be awarded to the debtor; (iii) indefinitely prohibit the defendants from practicing before this court; and, (iv) for such other and further relief as may be just and appropriate.

Date: December 14, 2016

Respectfully submitted,
JUDY A. ROBBINS.
UNITED STATES TRUSTEE,
REGION 4

Office of the U. S. Trustee
Department of Justice
First Campbell Square
210 First Street, Suite 505
Roanoke, VA  24011
margaret.k.garber@usdoj.gov
(540) 857-2806

BY:     */s/ Margaret K. Garber*
Assistant United States Trustee
VSB No. 34412