UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| TRAVIS LEE GOOD, ) | Case Number 15-51237 |
| ) | |
| _____Debtor._____ ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Adv. Proc. No. 16-05027 |
| ) | |
| KERRY D. ARMENTROUT and ) | |
| ARMENTROUT & ARMENTROUT, P.L.C., ) | |
| ) | |
| _____Defendants._____ ) | |

**CONSENT ORDER RESOLVING THE UNITED STATES TRUSTEE'S COMPLAINT**

This matter came before the Court on the United States Trustee's Complaint filed against Kerry D. Armentrout ("Armentrout") and Armentrout & Armentrout, P.L.C. ("the Firm") (collectively "Attorneys") requesting this Court to (i) review and, if appropriate, require the defendants to disgorge funds received; (ii) impose reasonable and appropriate civil penalties against the debt relief agency defendants to be awarded to the debtor; (iii) indefinitely prohibit the defendants from practicing before this court; and, (iv) for such other and further relief as may be just and appropriate. Based upon the agreement of the United States Trustee, Armentrout and the Firm evidenced by the signatures below, and for good cause shown, the Court finds that it is appropriate to resolve the Complaint upon the terms contained herein, and that the resolution set forth herein has been negotiated in good faith. Therefore, it is hereby ORDERED that:

1. The Resignation Agreement attached hereto as Exhibit A is incorporated in its entirety into this Order as if repeated herein.

2. The Bankruptcy Court shall retain jurisdiction to enforce this Order.

3. Upon entry of this Order, the adversarial proceeding shall be closed without further order.

ENTER: 04/14/17

*/s/ Rebecca B Connelly*
CHIEF UNITED STATES BANKRUPTCY JUDGE

Seen:

*/s/ Margaret K. Garber*
Margaret K. Garber, Assistant United States Trustee (VSB No. 34412)
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011
Telephone:  540-857-2806
Facsimile:  540-857-2844
margaret.k.garber@usdoj.gov

*/s/ Kerry D. Armentrout by Margaret K. Garber by permission granted in 3/24/17 email*
Kerry D. Armentrout
111 East Market Street
Harrisonburg, Virginia 22801

Armentrout & Armentrout, P.L.C. by
Kerry D. Armentrout, Member
111 East Market Street
Harrisonburg, Virginia 22801

EXH A

## U.S. BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF VIRGINIA

## RESIGNATION FROM BAR AND AGREEMENT ON TERMS OF READMISSION

1. Attorney Kerry D. Armentrout and Armentrout & Armentrout, P.L.C. (hereafter collectively "Attorneys") hereby acknowledges that serious allegations have been made with regard to their ability to adequately represent clients before the United States Bankruptcy Court for the Western District of Virginia. Attorneys voluntarily enter into this Resignation Agreement to resolve the complaint filed by the United States Trustee in a matter styled as United States Trustee v. Armentrout, et al. (16-05027):

    A. In anticipation of this resignation, Attorneys will not undertake to represent parties in connection with any new bankruptcy matters after April 1, 2017.

    B. In advance of this resignation, the Attorneys will cease filing bankruptcy petitions as of May 15, 2017.

    C. Effective June 30, 2017, Attorneys hereby resign as members of the bar of the United States Bankruptcy Court for the Western District of Virginia.

2. Attorneys agree to advise all current bankruptcy clients of their resignation from the bar in writing within five business days of June 30, 2017 and agree to assist them in obtaining substitute counsel if necessary and to perform such other duties to former clients as may be required by the ethical rules of the State Bar of Virginia. Attorneys agree to provide copies of all relevant files to current clients upon request without charge to said client. Attorneys agree to return all unearned fees with an accounting to any client for whom their case has not been completed.

3. Attorneys agree that this Agreement prevents them from engaging in any conduct described in § 110 and §§ 526-528. Further, the Attorneys agree to not engage in services described as or akin to "debt modification" or "credit repair."

4. Attorneys agree to provide an accounting of trust accounts receipts and disbursements upon written request of the U.S. Trustee or other appropriate authority.

5. Attorneys agree not to apply for admission before this Court prior to July 1, 2019. Attorneys agree that any such application for readmission shall be served upon the United States Trustee and shall include a detailed recitation of matters relating to their fitness to practice bankruptcy law before this court with specific reference to knowledge of bankruptcy law and appropriate office organization sufficient to meet the expected standard of competence of attorneys practicing before this court. In addition, the application for readmission will be noticed for a hearing before the United States Bankruptcy Court.

6. Attorneys specifically understand that nothing in the Agreement prevents the United States Trustee or her employees from taking any action allowed or required; that this

agreement only resolves the complaint before the United States Bankruptcy Court for the Western District of Virginia; and that in the event such future action is taken, the United States Trustee is not prohibited from introducing any relevant evidence including allegations that may have arisen prior to this Order.

7. Attorneys specifically understand that this document shall be provided to the Clerk, United States Bankruptcy Court for the Western District of Virginia, and may be considered a public document.

8. Attorneys understand and acknowledge that this resignation does not relieve them of any ongoing legal and ethical duties.

Dated: 4/5/17

Kerry D. Armentrout

Armentrout & Armentrout, PLC by
Kerry D. Armentrout, Member